UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PATRICIA CLAY,

    Plaintiff,

                                          Case Number:

v.

CONDUENT CARE SOLUTIONS, LLC.,

    Defendant.

_____/

## COMPLAINT & JURY DEMAND FOR JURY TRIAL

1. Plaintiff, Patricia Clay, sues Defendant, CONDUENT CARE SOLUTIONS, LLC., for violating the Family Medical Leave Act. This is action for an amount that exceeds $67,903.00, exclusive of attorney's fees, interest, and costs.

Parties and Jurisdiction

2. Plaintiff is a qualified woman and resident of Hillsborough County, Florida.

3. Defendant is a for profit corporation headquartered in New Jersey.

4. Defendant operates and maintains an office in Polk County, Florida.

5. Defendant conducts business in among other places, Polk County, Florida.

6. Defendant employed Plaintiff in its offices located in Polk County, Florida.

7. Defendant is an employer as defined by the Family and Medical Leave Act ("FMLA").

8. Defendant employs more than fifty (50) persons within a seventy-five (75) mile radius of its office located in Polk County, Florida.

9. The Court has jurisdiction as the unlawful employment practices took place in Polk County, Florida.

10. This civil action is premised upon violations of the FMLA.

Factual Allegations

11. Plaintiff began working for Defendant in approximately November 12, 2017.

12. Plaintiff was employed by Defendant as a full-time employee and worked more than 1,250 hours during each year of her employment with Defendant.

13. During Plaintiff's employment with Defendant, Plaintiff experienced a serious medical condition relating to her eye.

14. Plaintiff applied for, and received, intermittent FMLA leave from Defendant which allowed Plaintiff to take medical related absences from work in order to treat her serious medical condition.

15. Despite Plaintiff's approval for intermittent FMLA leave, Plaintiff's supervisor, Stacey Johnson, did not want Plaintiff to take medical leave.

16. Ms. Johnson actively interfered with Plaintiff's intermittent medical leave by denying Plaintiff's FMLA leave requests, discouraging Plaintiff from taking FMLA leave, and not recording Plaintiff's medical leave in Defendant's time keeping system.

17. Ms. Johnson's refusal to record all of Plaintiff's FMLA leave as "FMLA" in Defendant's system caused Plaintiff to have an incorrect accounting of her FMLA balance and it also removed the employment protections associated with FMLA leave.

18. Ms. Johnson routinely interfered with Plaintiff's FMLA related appointments by preventing Plaintiff from taking FMLA leave and attending the appointments.

19. Although Plaintiff provided Ms. Johnson with weeks of advanced notice, Ms. Johnson arbitrarily denied Plaintiff's FMLA leave requests in order to prevent Plaintiff from exercising her FMLA leave.

20. Because of Plaintiff's medical condition, Plaintiff had an eye surgery scheduled in 2021. Plaintiff provided Ms. Johnson with weeks of advanced notice but Ms. Johnson arbitrarily denied Plaintiff's leave request. Plaintiff was damaged by Ms. Johnson's behavior because Plaintiff's necessary surgery was significantly delayed due to Ms. Johnson's arbitrary denial of Plaintiff's FMLA request.

21. Defendant then terminated Plaintiff's employment with extreme prejudice and without just cause because Plaintiff desired to take her approved FMLA leave to treat her serious medical condition.

22. Plaintiff was entitled to take medical leave under the FMLA.

23. Despite Plaintiff's entitlement to leave under the FMLA, Defendant interfered with Plaintiff's ability to take FMLA leave by denying her leave requests.

24. On May 19, 2021, Defendant terminated Plaintiff's employment without cause of notice in order to prevent Plaintiff from taking medical leave pursuant to the FMLA.

25. Defendant employed at all material times at least 50 employees within a 75-mile radius of its Polk County, Florida office at 2345 Commerce Point Drive, Lakeland, Florida 33801.

26. The FMLA requires qualifying employers with at least 50 employees within a 75-mile radius to provide up to 12 weeks of job-protected leave to full-time employees who have serious medical conditions. Covered employers are prohibited from denying, interfering with, or taking retaliatory measures in connection with an employee's rights under the FMLA.

27. Defendant intentionally interfered with Plaintiff's FMLA rights by denying Plaintiff's FMLA leave requests.

28. Defendant intentionally interfered with Plaintiff's FMLA rights by terminating Plaintiff in violation of FMLA.

29. Plaintiff has suffered damages as a result of Defendant's actions, including but not limited to back pay, front pay, costs, attorney's fees and liquidated damages.

30. Defendant willfully violated the FMLA because Defendant is a sophisticated employer with a very large human resources department. Defendant is well versed in the FMLA.

31. Defendant acted in reckless disregard of its duties under the FMLA. Rather than granting Plaintiff's timely FMLA leave requests, Defendant routinely denied Plaintiff's leave requests and then terminated Plaintiff's employment with extreme prejudice.

32. Defendant did not have a legitimate reason to interfere with Plaintiff's rights and Defendant violated the FMLA by terminating Plaintiff for requesting and taking medical leave under the FMLA.

33. Plaintiff was damaged by Defendant's interference with Plaintiff's FMLA rights.

34. Plaintiff demands trial by jury.

### COUNT I- FMLA INTERFERENCE

35. Plaintiff hereby reincorporates all paragraphs 1-34 herein and states as follows.

36. Plaintiff was employed by Defendant and had a serious medical condition during her employment.

37. Plaintiff applied for and was approved for intermittent FMLA leave.

38. Despite Plaintiff's eligibility, Defendant prevented Plaintiff from using her intermittent FMLA leave.

39. Plaintiff provided Defendant with advanced notice of her need to take leave under the FMLA.

40. Defendant was upset that Plaintiff requested FMLA leave during her employment.

41. Defendant interfered with Plaintiff's legal and timely FMLA requests by denying Plaintiff's requests her to discourage Plaintiff for taking leave under FMLA.

42. Defendant's denial of Plaintiff's FMLA requests was an adverse action.

43. Plaintiff was damaged by Defendant's decision to deny her leave requests under the FMLA.

## COUNT II- FMLA RETALIATION

44. Plaintiff hereby reincorporates all paragraphs 1-34 herein and states as follows.

45. Plaintiff was employed by Defendant and had a serious medical condition during her employment.

46. Plaintiff requested and was granted FMLA leave during her employment.

47. Plaintiff's application for leave and time away from work under FMLA were protected activities.

48. Defendant was upset that Plaintiff took FMLA leave during her employment.

49. Defendant retaliated against Plaintiff by terminating her to punish Plaintiff for taking leave under FMLA.

50. Defendant's termination of Plaintiff's employment was an adverse action.

51. But for Plaintiff requesting leave under the FMLA, Defendant would not have terminated Plaintiff's employment.

52. Plaintiff was damaged by Defendant's decision to terminate her employment.

WHEREFORE, Plaintiff demands judgment for damages against Defendant together with back pay, front pay, reinstatement, interest, liquidated damages, costs and attorney's fees and other relief permitted by law.

DATED this 20th day of December, 2021.

**Respectfully,**

/S/ Kyle J. Lee
Kyle J. Lee, Esq.
FLBN: 105321
LEE LAW, PLLC
1971 West Lumsden Road, Suite 303
Brandon, Florida 33511
Telephone: (813) 343-2813
Kyle@KyleLeeLaw.com